IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION


| | |
|---|---|
| JOSEPH DAVIS,   a/k/a<br>JEREMY JOSEPH DAVIS,<br><br>                         Petitioner,<br><br>v.<br><br><br>WAYNE MCCABE, WARDEN<br>WPRC,<br>                         Respondent.<br>_____ | )<br>)<br>)<br>)        Civil Action No. 3:09-1810-JFA-JRM<br>)<br>)<br>)        **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |


Petitioner, Joseph Davis ("Davis"), filed a *pro se* petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241 on July 10, 2009.  The Respondent is the Warden of the South Carolina

Department of Correction's ("SCDC") Watkins Pre-Release Center ("WPRC").  At the time of the

filing of the present petition, Davis was an inmate at WPRC awaiting discharge upon the completion

of his sentence.  Respondent filed a return and motion for summary judgment on October 12, 2009.

Part of the record filed by Respondent in support of the motion for summary judgment is an affidavit

of James E. Brennan, Jr., SCDC's Assistant Division Director of Inmate Records, which indicates

that Davis "maxed out" his sentence on July 31, 2009 and was released from custody.  Because Davis

is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on

October 13, 2009, advising him of his responsibility to respond to the motion for summary judgment.

Davis filed a response on January 12, 2010. Pretrial matters in this case were referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e).

**Background and Procedural History**

Prior to filing his habeas petition, Davis filed an action pursuant to 42 U.S.C. § 1983 alleging that defendants had violated his constitutional rights with respect to the calculation of his release date. *See* <u>Davis v. Ozmint, et al.</u>, C/A No. 3:09-436-JFA-JRM. On February 9, 2010, the undersigned issued a Report and Recommendation recommending that defendants' motion for summary judgment be granted. The following background is based in part on the record in that case:

1. Davis was arrested in Greenville County on January 27, 2003 on charges including distribution of heroin.

2. Davis was detained at the Greenville County Detention Center ("GCDC") until February 9, 2003 when he was released on bond.

3. Apparently Davis failed to appear for court and was arrested on June 7, 2003.

4. Davis was released on bond again on November 20, 2003.

5. Davis apparently went to Pennsylvania and was arrested and convicted in that jurisdiction. He began service of his sentence there on June 1, 2005.

6. Davis was returned to South Carolina and pled guilty to the January 2003 heroin distribution charge on February 7, 2007. He was sentenced to five years imprisonment to be served concurrently with the Pennsylvania sentence he was serving. The South Carolina sentencing sheet filled out by the sentencing judge shows that the South Carolina and Pennsylvania sentences were to be served concurrently. The judge also marked the box on the form that "(t)he Defendant is to

2

be give credit for time served pursuant to S.C.Code Ann. § 24-13-40 to be calculated and applied by the State Department of Corrections." After the printed language on that part of the form, there is a handwritten notation of "June 1, 2005," apparently supplied by the sentencing judge.

7. Davis returned to Pennsylvania and completed his sentence there. Davis was released by Pennsylvania on June 11, 2007, and returned to South Carolina to complete the sentence on the 2003 heroin distribution charge.

8. SCDC calculated Davis' release date using June 1, 2005, the date Davis began serving his Pennsylvania sentence and the date written on the sentencing sheet by the judge next to the "time served" box on the sentencing sheet.

9. Even though SCDC credited the time served in Pennsylvania against the South Carolina sentence, it did not give him credit for the time her served in pretrial detention at GCDC in 2003.

10. Apparently Davis began to question why he was not being given credit for the GCDC pretrial detention upon his arrival at the Reception and Evaluation Center ("R&E") when he was returned to South Carolina. The record shows that SCDC requested and received documentation from GCDC. On February 19, 2008, Susan Northcutt, SCDC's Chief, Offender Records denied Davis' "Request for Jail Time" noting that the "sentencing sheet states credit for time served since Jun 1, 2005 - already receiving this time."

11. On February 27, 2008, Davis filed a Step 1 Grievance which was denied. His Step 2 Grievance was likewise denied.

12. On July 22, 2008, Davis filed an appeal in the South Carolina Administrative Law Court ("ALC"). The ALC issued an order of dismissal on November 6, 2008, finding as follows:

> The record reveals that Appellant was sentenced on February 7, 2007 to five years after being convicted of Distribution of Heroin 2nd. Appellant was apparently at the time in the custody of Pennsylvania serving a sentence in that state. The sentencing judge in South Carolina wrote on the sentencing sheet that Appellant's sentence was to be served concurrently to the Pennsylvania sentence and that Appellant's South Carolina sentence was to be back dated to start on June 1, 2005. Thus, Appellant's jail time credits were taken from the start of his sentence and his projected max out date is based upon his sentence start date. Accordingly, he has properly received his jail time credit. Appellant has failed to meet his burden of proof to show that the Sentence calculation is erroneous.

> Davis v. South Carolina Department of Corrections, Doc. No. 08-ALJ-04-00612-AP.

13. Davis then sought review in the South Carolina Court of Appeals. The appeal was dismissed on January 12, 2009, because Davis failed to follow the court's procedural rules. His request for a rehearing was denied.

### Grounds for Relief

In his present petition, Davis asserts that he was unlawfully denied credit for the time he spent at GCDC in pretrial confinement on his South Carolina Distribution of heroin charge in 2003. He sought immediate release and declaratory relief that he was entitled to such credits.

### Discussion

Respondent asserts that Davis' petition should be dismissed because his claim is moot, it is barred by the one year statue of limitations provided in 28 U.S.C. § 2244(d)(1), he has failed to exhaust his claim in state court, and he has not stated a claim upon which habeas relief may be granted.

### 1. Mootness

Respondent asserts that the petition should be dismissed because Davis' unconditional release has rendered his claim moot.  Under 28 U.S.C. § 2241(c)(3), the district court is without jurisdiction unless the prisoner "is in custody in violation of the Constitution ... of the United States." Article III of the Constitution provides that federal courts may adjudicate only actual, ongoing cases or controversies. In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

In the habeas context, a petitioner must be "in custody" at the time the petition is filed for jurisdiction to attach. When the petitioner is unconditionally released after the filing of the petition, the case is not necessarily moot. Leonard v. Hammond, 804 F.3d 838 (4th Cir.1986). The Supreme Court has recognized that "collateral consequences" may survive after a prisoner's unconditional release making his habeas action not moot. Carafas v. LaVallee, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Where the petitioner attacks only the execution of his sentence and not the validity of the conviction, expiration of the sentence moots the case. Lane v. Williams, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

In the present case, Davis does not challenge the validity of his conviction, but the execution of his sentencing based on SCDC's calculation of his release date.  There are no collateral consequences since Davis was not released on parole but maxed out his sentence.  His claim for habeas relief is, therefore, moot.

## 2. Exhaustion

Respondent also argues that the petition is subject to dismissal because Davis did not fully exhaust his state court remedies.

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5ᵗʰ Cir. 1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276 (1976).

In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The Supreme Court in Al-Shabazz provided a different path for inmates who wished to seek review of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[1] *Id.* at 754. Judicial review of the ALJD decision is obtained by filing a petition in the state circuit court. Last, the inmate can seek "appellate review of

---

[1]The ALJD is an executive branch entity created by the legislature to review agency decisions. *See* S.C.Code Ann. §§ 1-23-500, *et. seq.* It is now called the Administrative Law Court ("ALC").

a final judgment of the circuit court in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756.

The record shows that Davis generally followed the state review process by filing the appropriate grievances and obtaining an adverse ruling from the ALC. He then filed an appeal in the South Carolina Court of Appeals, but the court applied a procedural bar and dismissed the appeal because Davis failed to comply with the rules of the court. The undersigned concludes that Davis did not complete the state review process and his claim for habeas relief is procedurally barred. Davis has not shown cause for his failure to complete the process. *See* Coleman v. Thompson, 501 U.S. 722 (1991). Further, Davis has not alleged or shown his actual innocence or that a fundamental miscarriage of justice will result if his claim is not heard. Murray v. Carrier, 477 U.S. 478 (1986).

### 3. Statute of Limitations

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A). The Fourth Circuit has held that the statute of limitations applies to habeas actions challenging state executive agency decision. Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003). Respondent asserts that the statute of limitations began to run on February 7, 2007, the date he was sentenced in South Carolina, because at that time "the factual predicate of the claim...presented could have been discovered through the exercise of due diligence" as provided in 28 U.S.C. § 2241(d)(1)(D).

The undesigned disagrees with Respondent's analysis on several counts. First, it is not clear that the factual predicate of Davis' claim was apparent at the time of sentencing. Respondent has presented no evidence as to when SCDC calculated Davis' release date and informed him that he was

not going to receive credit for the time he spent in GCDC on the heroin distribution charge prior to sentencing. After sentencing, Davis was returned to Pennsylvania, completed his sentence in that jurisdiction, and returned to South Carolina. The undersigned assumes that SCDC calculated Davis' release date at that time, and it appears he immediately began to challenge the decision.

Second, Respondent makes no argument as to the applicability of the tolling provision of the statute of limitations contained in 28 U.S.C. § 2244(d)(2). Under that provision "(t)he time during which a properly filed...collateral review with respect to the pertinent...claim is pending shall not be counted toward any period of limitation under this subsection." Respondent has not addressed the applicability of this provision to the lengthy period of time from when Davis began to challenge SCDC's decision until his appeal was dismissed by the South Carolina Court of Appeals. It would appear that if the statute of limitations was tolled during this period, the present petition would have been timely filed.

Respondent has not shown that the present petition is untimely and Respondent is not entitled to summary judgment on this basis.

**4. Expired Sentence**

Davis asserts that he was unlawfully detained after the expiration of his sentence. To be sure, "(a)n inmate has a liberty interest recognized by state and federal law to be released upon expiration of his sentence and a state cannot deprive him of that interest without procedural due process." Walker v. Diguglielmo, 2005 WL 2739402, *3 (E.D.Pa. ) citing Sample v. Dieks, 885 F.2d 1099, 1114 (3rd Cir. 1989). However, Davis presented this claim in state court and his present petition as

a matter of state law. Specifically, he argues that SCDC misapplied S.C.Code Ann. § 23-13-40[2] based upon the sentence actually imposed by the judge as reflected on the sentencing sheet. This is the same issue that Davis presented in state court. The ALC, the only court to actually review the claim, found that there was no violation of state law.[3] An alleged error of state law generally cannot form the basis for habeas relief. <u>Estelle v. McGuire</u>, 502 U.S. 69 (1991). Unless the Petitioner can point to a specific constitutional protection which was denied him, or show that the error in state law denied him fundamental fairness or resulted in a complete miscarriage of justice, he may not obtain habeas relief. <u>Chance v. Grundler</u>, 537 F.2d 1212 (4th Cir. 1976).

---

[2]The statute states:

> The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence. But when (a) a prisoner shall have given notice of intention to appeal, (b) the commencement of the service of the sentence follows the revocation of probation or (c) the court shall have designated a specific time for the commencement of the service of the sentence, the computation of the time served shall be reckoned from the date of the commencement of the service of the sentence. In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing. *Provided, however,* that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.

S.C.Code Ann. § 24-13-40.

[3]Insofar as Davis seeks a declaratory judgment from this Court that the state courts misinterpreted the state law in calculating his release date, that claim should be dismissed.

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 11, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).